(December 28, 1893.)

## BELLEVUE WATER COMPANY v. CITY OF BELLEVUE.

[35 Pac. 693.]

CHARTER OF INCORPORATE TOWN—CONTRACT FOR WATER—NOT IMPEACHED BY SUBSEQUENT LAW.—Where, under and by virtue of powers granted in its charter, an incorporated city makes a contract with certain parties and their assigns to construct certain waterworks, and to furnish the city with water for fire pur-

poses, upon the payment of a stipulated sum by the city, and the parties proceed to construct such works, and the same are accepted by the city, and the water supplied and paid for as stipulated for a series of years, the validity of the contract cannot be impeached or impaired by the enactment of a law by the legislature which went into effect some three months after the contract was made.

ORDINANCE OF CITY.—An ordinance of a city may be void in part and valid as to other parts.

(Syllabus by the court.)

APPEAL from District Court, Logan County.

Texas Angel and Richard Z. Johnson & Sons, for Appellant.

A nonsuit must be justified upon appeal, if justified at all, upon the grounds stated in the motions, or at least this court will not affirm the judgment upon any ground that could have been avoided at the trial by additional evidence, amendment of the pleadings, or in any other way, had it then been stated. (*Mateer v. Brown,* 1 Cal. 222, 52 Am. Dec. 303; *Kiler v. Kimball,* 10 Cal. 268; *Raymond v. Eldridge,* 43 Cal. 506, 508; 1 Hayne on New Trial and Appeal, sec. 116; *People v. Banvard,* 27 Cal. 474.) A statute or an ordinance may be a contract, and indeed most contracts of municipal corporations are made by ordinance. (1 Dillon on Municipal Corporations, secs. 232, 450, 474; *People v. Supervisors,* 27 Cal. 678; *Argus Co. v. Mayor,* 55 N. Y. 501, 14 Am. Rep. 296; *Des Moines Gas Co. v. Des Moines,* 44 Iowa, 509, 24 Am. Rep. 756; *City of Quincy v. Bull,* 106 Ill. 338; *City of New Orleans v. Gt. Southern Tel. etc. Co.,* 40 La. Ann. 41, 8 Am. St. Rep. 502, 3 South. 533.) Our articles of incorporation were in evidence, and we proved we were, and had been for years, acting as a corporation. If there are any verbal defects, they are in nonessential matters that cannot be held upon a collateral attack to invalidate the organization of a *de facto* corporation, such as this is shown to be. (*Spring Valley Waterworks v. San Francisco,* 22 Cal. 440; *Mead v. Keeler,* 24 Barb. 20; *Cross v. Pinckneyville Mfg. Co.,* 17 Ill. 54; *Mokelumne Hill M. Co. v. Woodbury,* 14 Cal. 427; *Troy etc. R. R. Co. v. Kerr,* 17 Barb. 518; *Eaton v. Aspinwall,* 10 N. Y. 119; *Judah v. American L. S. Ins. Co.,* 4 Ind. 334; *Dunning v. New Albany etc. R. R. Co.,* 2 Ind. 437;

*Cross v. Pinckneyville Mill Co.,* 17 Ill. 54; Angell and Ames on Corporations, 573; *McFarland v. Triton Ins. Co.,* 4 Denio, 592; *Eaton v. Aspinwall,* 19 N. Y. 119; *Caryl v. McElrath,* 3 Sand. (S. C.) 176; *People v. Frank,* 28 Cal. 519; *O. etc. R. Co. v. Plumas Co.,* 37 Cal. 361; *People v. S. etc. R. Co.,* 45 Cal. 306, 313, 13 Am. Rep. 178.) The validity of an ordinance giving to a company the exclusive privilege for a term of years of laying water pipes in the streets, etc., can be contested only by some other company or individual afterward claiming such right. (*Grant v. City of Davenport,* 36 Iowa, 396; *Dodge v. City of Council Bluffs,* 57 Iowa, 560, 10 N. W. 888, 889; *East St. Louis v. East St. Louis etc. Co.,* 98 Ill. 415, 38 Am. Rep. 97; *City of Houston v. Houston St. Ry. Co.,* 83 Tex. 548, 29 Am. St. Rep. 679, 19 S. W. 127, 129.) When the legislature has conferred upon a city the power to provide itself with a supply of water the court cannot circumscribe such grant. (*Atlantic City Water Works Co. v. Atlantic City,* 48 N. J. L. 378, 6 Atl. 24, 15 Am. & Eng. Corp. Cas. 327.) An executory contract made without authority cannot be enforced, but a different question arises when the contract has been executed, and the corporation has received the benefit of it. In such a case the law interposes an estoppel, and will not permit the validity of the contract to be called in question. (*Brown v. City of Atchinson,* 39 Kan. 37, 7 Am. St. Rep. 515, 17 Pac. 472, 473; *Moore v. Mayor of New York,* 73 N. Y. 238, 245, 29 Am. Rep. 134.) When the corporation has made contracts, valid under the laws of the state at the time they were made, the state cannot unmake them, or impose other or different terms on the corporation to its injury and for the benefit of the other contracting party. (*Coast Line R. Co. v. City of Savannah,* 30 Fed. 647 (case of a contract between the company and the city); *Chicago v. Sheldon,* 9 Wall. 50; *New Orleans Gas Co. v. Louisiana Light Co.,* 115 U. S. 650, 660, 662-664, 6 Sup. Ct. Rep. 252.) If the contract when made was valid by the constitution and laws of the state, as then expounded by the highest authorities whose duty it was to administer them, no subsequent action by the legislature or the judiciary can impair its obligation. (*Havemeyer v. Iowa County,* 3 Wall. 294, 303; *New Orleans Water Works v. Rivers,* 115 U. S. 674, 6 Sup. Ct.

Rep. 273; *Louisville Gas Co. v. Citizens' Gas. Co.*, 115 U. S. 683, 6 Sup. Ct. Rep. 265; *New Orleans v. Great South Tel. Co.*, 40 La. Ann. 41, 8 Am. St. Rep. 502, 3 South. 533-535; *McCauley v. Brooks*, 16 Cal. 30; *Fisk v. Jefferson Police Jury*, 116 U. S. 134, 6 Sup. Ct. Rep. 329; 2 Dillon on Municipal Corporations, p. 822, sec. 691, p. 828, sec. 697; *Columbus Water Co. v. City of Columbus*, 46 Kan. 666, 28 Pac. 1097; 38 Am. & Eng. Corp. Cas. 150-153; *County of Ray v. Vansycle*, 96 U. S. 675; *County of Moultri v. Savings Bank*, 92 U. S. 631; *County of Schuyler v. Thomas*, 98 U. S. 169; *Fairfield v. County of Gallatin*, 100 U. S. 47; *City of Louisiana v. Taylor*, 105 U. S. 454; *County of Ralls v. Douglass*, 105 U. S. 728.)

Selden B. Kingsbury, for Respondent.

Act of 1886, page 32, Idaho Statutes, provides "that territories shall not pass special or local laws . . . . granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever." (Idaho Stats., p. 33, sec. 2; Idaho Rev. Stats., secs. 2710-2713; Idaho Const., art. 8, secs. 3, 4; Idaho Const., art. 12; Idaho Const., art. 15, secs. 1, 2; City Charter, Special and Local; Idaho Laws, secs. 289, 299, 300, 309, 342, 358, 377, 379, 381, 394, Cooley's Constitutional Limitations, 194-196, 198, 199, 394-396; Beach on Public Corporations, secs. 88, 553, 620, 622.) The general rule by which courts should be guided in determining whether a nonsuit, when applied for, should be ordered is, "that if the evidence given by the plaintiff would not authorize a jury to find a verdict for him, or, if the court would set it aside if so found, as contrary to the evidence, in such case it is the duty of the court to nonsuit the plaintiff." And this decision was made before California had a statute like our own, which enacts that a judgment on nonsuit may be entered by the court, upon motion of the defendant when, upon the trial, the plaintiff fails to prove a sufficient case for the jury." (Rev. Stats., sec. 4354; 10 Myers' Federal Decisions, p. 832, sec. 2101.) And the court has sustained this doctrine in *Lewis v Lewis*, ante, p. 645, 33 Pac. 38. (*Jacobson v. Bunker Hill etc. Min. Co.*, ante, p. 126, 28 Pac. 396.) There is another reason why the city could not be liable on this alleged contract: it is, because it would be made for the benefit of S. B. Dilly, the

then, ever since, and now, city clerk of Bellevue. (Charter, p. 100, sec. 115; 1 Dillon on Municipal Corporations, sec. 444; *Case v. Johnson,* 91 Ind. 477, 489.) When the mode of exercising the power to contract is specially and plainly prescribed and limited, it must be pursued, or the contract will not bind a corporation. (1 Dillon on Municipal Corporations, sec. 449, note.) "The act of incorporation is to them an enabling act; enables them to contract, and when it prescribes to them a mode of contracting, they must observe that mode, or the instrument no more creates a contract than if the body had never been incorporated." (1 Beach on Public Corporations, secs. 690–692, 696, 697; also secs. 252, 253, 697, 821; *Head v. Providence Ins. Co.,* 2 Cranch, 127; 1 Dillon on Municipal Corporations, secs. 449, 459, 461; *Zottman v. San Francisco,* 20 Cal. 97, 103, 109, 81 Am. Dec. 96, and note; *McCracken v. City of San Francisco,* 16 Cal. 620; *Bentley v. County of Clusagi,* 25 Minn. 259; *Brady v. Mayor etc. of New York,* 16 How. Pr. 443, 445; *Los Angeles Gas Co. v. Toberman,* 61 Cal. 199, 203.) "Ordinance No. 19" was, and is, illegal and void. That the city might have done some of the things attempted by this ordinance no one will question; but it could grant no special privilege; it could grant no such franchise and special privilege to any particular persons. This the territorial legislature could not have done, either when the city got its charter, or when this ordinance was attempted, and if the creator could not, its creature could not. (*Brenham v. Brenham Water Co.,* 67 Tex. 542, 4 S. W. 143; U. S. Rev. Stats., sec. 1889; 20 U. S. Stats. at Large, 101 (passed June 8, 1878), c. 168; U. S. Rev. Stats., Gould & Tucker's Notes, 468; Idaho Rev. Stats., 32.) "Where the mode of executing a written contract by a corporation has been prescribed by statute, it cannot be departed from." (*Safford v. Wyckoff,* 4 Hill, 449.) "A person dealing with a municipal body is bound to see that the provisions of the statute under which it is acting are fully complied with, and, when this is not done, no subsequent act of the municipal officers can make the contract effective." *(Smith v. City of Newburg,* 77 N. Y. 130; *Hunford v. City of Omaha,* 4 Neb. 350, 351; *Addis v. City of Pittsburg,* 85 Pa. St. 379.) The ordinance contract is void because made by and in favor

of a city officer. (1 Dillon on Municipal Corporations, sec. 444; *Case v. Johnson,* 91 Ind. 489; *Capron v. Hitchcock,* 98 Cal. 427, 33 Pac. 431; *Weitz v. Independent Dist. of Des Moines,* 87 Iowa, 81, 54 N. W. 70; Beach on Public Corporations, sec. 1328, note 5.) The contract is void because creating a monopoly. (*Chicago v. Rumpff,* 45 Ill. 90, 92 Am. Dec. 196.) Impairing obligation of contract. (*Spring Valley W. W. Co. v. Bartlett,* 16 Fed. 615; *People's R. R. v. Memphis R. R.,* 10 Wall. 50.)

HUSTON, C. J.—This is an appeal from a judgment of nonsuit. The plaintiff sues the defendant municipal corporation upon an alleged contract or agreement to furnish said municipal corporation with water for fire purposes. The following facts appear from the record: The city of Bellevue was chartered by an act of the legislature of the territory of Idaho (February 8, 1883). Among the powers conferred upon said corporation by its charter is the following: "Sec. 10. To make regulations for the prevention of accidents by fire; to organize and establish fire departments and provide for the government of the same; to provide fire engines and other apparatus, and a sufficient supply of water, and to levy and collect special taxes for those purposes, not to exceed one-fifth of one per centum annually upon the taxable property within the city," etc. On the eighth day of March, 1887, the common council of said city of Bellevue enacted and passed the following ordinance, being ordinance No. 19 of said city:

## "ORDINANCE No. 19.

"An ordinance granting to L. Young, N. C. De Lano, Matt. McFall, Geo. W. Wells, James L. Hogan, John Redding, James A. Lusk, George A. McCornick, S. B. Dilley, Henry E. Miller, and their assigns the right to construct, maintain and operate a system of waterworks in the city of Bellevue, and the right of way through the streets, alleys and highways thereof, and to provide a supply of water, to said city for fire purposes. The city of Bellevue does ordain as follows:

"Section 1. The city of Bellevue hereby grants to L. Young, N. C. De Lano, Matt. McFall, George W. Wells, James L.

Hogan, John Redding, James A. Lusk, George A. McCornick, W. H. Redway, S. B. Dilley, and Henry E. Miller, and their assigns the exclusive right to construct, maintain and operate a system of waterworks in said city for the period of twenty-five years from the date of this ordinance, and for that purpose the right to use of fifty inches measured under a four-inch pressure of the waters of Seamonds creek out of the one hundred and fifty inches of said waters belonging to and under the control of said city; provided, that said persons or their assigns shall not use of said fifty inches of water a greater amount than is necessary to fill their pipe at the point where the same is taken out of the said Seamonds creek, all the surplus to be turned back into the creek or ditch for the use of said city; also, the right of way through all the streets, alleys, and highways of said city, with the right to excavate trenches, laying and maintaining pipes and pipe line, erecting and maintaining hydrants, fountains and other water appliances therein for the necessity or convenience of said city or the inhabitants thereof, and all uses and purposes appurtenant or incidental thereto; to take and appropriate private property for such purposes on paying the damages therefor; and to charge and collect from each person, corporation, or association supplied by them with water such water rents or rates as may be agreed upon between said persons and assigns and such persons, corporations, or associations to be supplied with water.

"Sec. 2. Said city shall purchase from said persons or their assigns five fire hydrants, and pay to the said persons or their assigns the actual cost thereof, after same shall have been attached to the mains, and ready for operation in extinguishing fires; said costs to include the costs in putting in said hydrants, and connecting them with the mains; the pipe and hydrants to be put in and used by said company shall be such as shall be prescribed and approved by the mayor and common council of the said city of Bellevue.

"Sec. 3. Said city shall, in consideration of the erection, maintenance, and operation of said system of waterworks by said persons and assigns, and of supplying said city at all times with water for fire purposes, as the same shall be needed and required, pay to said persons or assigns, annually, during

the twenty-five years, on the thirty-first day of December, in each year, a sum equal to one-fifth of one per centum of all the taxable property within the limits of said city, said water to be furnished through hydrants to be put in as provided in section 2 of this ordinance; and, for the purpose of providing for the payment of said sum to said persons or assigns, the mayor and common council of said city shall levy and collect from the taxable property within said city, each year, during said twenty-five years, a tax of not exceeding one-fifth of one per centum upon the taxable property within the limits of said city.

"Sec. 4. In consideration of the franchises, powers and privileges hereby granted to said persons and their assigns, said persons and assigns shall, on or before the first day of September, 1887, construct, erect and complete a system of waterworks in said city, as follows: The line of main pipe shall commence at a point on Seamonds creek at an elevation of at least one hundred and twenty-five feet above the level of Main street, in said city of Bellevue, and shall take the water from said creek into said pipes at said point, and not at any lower point on said creek; the aperture of said pipe to be at least six inches in diameter at the head, and shall run in as direct a line as practicable from where said water shall be taken from said creek to the upper or easterly end of Pine street to its intersection with Main street; thence northerly, along Main street, to its intersection with Cottonwood street, and to a place on said line, connected with said pipes, and ready for use in extinguishing fires, five (5) fire hydrants, of such make and at such points as shall be designated by the mayor and common council of said city; provided, that said city shall pay to said persons or assigns the actual cost of said hydrants, and putting them in and connecting them with the water mains. Said persons and assigns shall bury said pipes, and shall not unnecessarily keep open any trenches or other excavations along said line in or along streets, alleys or highways of said city longer than a reasonable time required for laying or repairing the same, and shall keep the same guarded at night with sufficient guards and lights, to prevent accidents from people passing along said streets, alleys and highways, and shall at all times avoid un-

necessary flooding of said streets, alleys and highways with water from the pipes.

"Sec. 5. This ordinance shall take effect and be in force from and after its approval by the mayor, and due publication, as required by the charter.

"Bellevue, Idaho, March 8, 1887.

"Approved March 10, 1887.

"O. S. GLENN, Mayor.

"S B. DILLEY, Clerk."

The terms and conditions of said ordinance were accepted by the parties named therein, and they proceeded to construct certain works for the conducting of water into and through said city of Bellevue, in accordance with the terms of said ordinance. On the eighteenth day of June, 1887, the parties named in said ordinance assigned and transferred to the plaintiff corporation, for a valuable consideration, all the rights, title, interest, franchises and privileges granted to them by said ordinance and all the property acquired by them thereunder. The plaintiff corporation then proceeded to complete said waterworks in accordance with the terms of said ordinance, and the same, when completed, were accepted by said city of Bellevue, through its mayor and common council; and said plaintiff corporation did during the years 1887, 1888 and 1889 comply with the exigencies of said ordinance on their part, and the service so rendered was accepted by said city of Bellevue, and was duly paid for by said city, as provided in said ordinance; but, for the service rendered and water supplied to said city under said ordinance for the year 1890, said city neglected and refused to pay, and it is to recover the amount claimed to be due and owing from said city to the plaintiff under and by virtue of said ordinance, and the compliance with and fulfillment of the terms and obligation thereof, by the plaintiff, that this action is brought. The answer denies all the material averments of the complaint; denies the authority of the common council to pass said ordinance; denies that said common council ever did or could accept said waterworks from plaintiff; denies "that said city has acted upon the said or any contract regarding the same waterworks"; "denies that there ever was any contract

made by said city regarding the same waterworks"; "avers that the said pretended ordinance was never an ordinance in fact of the city of Bellevue, and was never binding upon the said city, or upon any other person or persons, and was and is illegal, null and void, and of no force and effect whatever"; denies indebtedness of defendant to the plaintiff. The case was tried by the court without a jury. After the proofs on the part of plaintiff were in, defendant moved for a nonsuit, which was granted, and from such judgment of nonsuit, this appeal is taken.

The plaintiff proved its incorporation under the laws of the territory of Idaho; the ordinance No. 19; its passage by the common council, and approval by the mayor, and acceptance by the parties named therein; the assignment of the contract by said parties to plaintiff; the construction of the waterworks thereunder, by the said parties named, and by the plaintiff; the acceptance by the city of said waterworks; and the payment by the city of the sum stipulated for the years 1887, 1888 and 1889. The plaintiff having rested its case, the defendant moved for a nonsuit, upon the following grounds: "The defendant, by its counsel, then moved for a nonsuit, on the grounds stated in its written motion, as follows: 1. That the plaintiff's evidence is not sufficient to base a verdict upon in his favor; 2. That the plaintiff has not proved any contract; 3. That the plaintiff is not shown to be a corporate body; 4. That the plaintiff has not shown any legal ordinance upon which to base the alleged contract; 5. Plaintiff has not shown any order of the city council for the making of the alleged contract, or the appointment of the clerk or any other person to sign said contract on behalf of the city; 6. The alleged contract and ordinance are illegal, and are opposed to the laws of the then territory, and to the charter of the city of Bellevue; 7. No contract has ever been made or signed by the city clerk or any other person on behalf of the city, or on behalf of the partners of the plaintiff. This motion will be made on each severally of the above grounds, and upon all of the above grounds"— which motion was granted by the court, and the plaintiff, by his counsel, then and there excepted.

It is contended by appellant that, on this appeal, the respondent is confined, in his case in support of the judgment of nonsuit, to the grounds stated in his motion in the district court. This position, it seems to us, is well taken, and is supported by both principle and authority. We think the correct rule is given by Bennett, J., in *Mateer v. Brown,* 1 Cal. 222, 52 Am. Dec. 303: "A party making his motion on one ground thereby impliedly waives all others. He cannot avail himself of a different position, on an appeal, from that assigned in the court below. This doctrine is well established, and is necessary to be sustained, in order that the plaintiff may not be misled in the course of the trial, and on the settlement of his bill of exceptions, in case the nonsuit should be ordered." (1 Hayne on New Trial and Appeal, par. 116, and cases cited.) With this view of the primary question presented by the appeal in this case, we will proceed to examine the grounds upon which the nonsuit was moved, and granted by the district court.

The first ground stated by defendant in his motion is "(1) that plaintiff's evidence is not sufficient to base a verdict upon in his favor." Now, what are the facts, as shown by the record? The plaintiff sued in its corporate capacity to recover a sum alleged to be due and owing to it from the city of Bellevue, under the terms of a certain ordinance enacted by said city. The plaintiff had proved its corporate character; the ordinance under which the indebtedness was claimed to have arisen; the compliance by the plaintiff with the terms of the ordinance, and the recognition and acceptance by the city of such compliance, by the payment for two years of the compensation provided for in the ordinance; the neglect and refusal of the city to pay in accordance with the terms of the ordinance for the year 1890, although accepting, without demur, all the benefits accruing to it under the ordinance. With these facts established by the evidence, and uncontroverted, or attempted to be, the proposition that "the plaintiff's evidence is not sufficient to base a verdict upon in his favor" is one of those colossal assumptions which the mediocre intelligence of this court is entirely unable to cope withal.

The second ground of motion is "that the plaintiff has not proven any contract." It might very properly be, and is, urged against this ground, that it is not sufficiently specific. It raises a legal question by inference perhaps, although in the record it appears as a mere statement of fact. The contention of counsel would seem to be that proof of the ordinance, its due passage by the common council, and approved by the mayor, its acceptance by the assignees of the plaintiff, the construction of the works under and in accordance with the terms of the ordinance, the acceptance of the works by the city and a user thereof for nearly three years, does not constitute a contract binding upon the city. It is contended by counsel for the respondent that as section 97 of the charter of the city of Bellevue provides that said city "is not bound by any contract or in any way liable therein, unless the same is authorized by a city ordinance and made in writing and by order of the city council, signed by the clerk or some other person in behalf of the city," the letter of said section must be strictly complied with, in order to bind the city or make it responsible. There is no distinction between a corporation and an undividual in regard to liability under a contract. It is settled law that a corporation cannot avail itself of the benefits of a contract, and, when called upon to meet its obligations thereunder, set up a plea of *ultra vires*. To allow such a plea would not only be sanctioning rascality, but would be offering a premium therefor. The disposition on the part of corporations to reach desired ends by "ways that are dark and tricks that are vain" does not require the spur of judicial sanction. That ordinance No. 19 was intended to be and operate as a contract, and was so accepted and acted upon by all parties— by the plaintiff in the erection of the works therein provided for, at an expense of some $12,000, and by the city in accepting said works, and by receiving and paying for the use thereof for two years and upward—is clearly shown by the record. Notwithstanding the provisions of section 97 of the charter, it was undoubtedly within the authority of the common council to make the contract by means of an ordinance; and, when so made, accepted and acted upon, it was as binding upon the

parties as if the strict letter of the section had been complied with.    (1 Dillon on Municipal Corporations, sec. 450 et seq.; *Argus Co. v. Mayor,* 55 N. Y. 501, 14 Am. Rep. 296.)

The third ground of the motion for nonsuit, as shown by the record, is "that the plaintiff is not shown to be a corporate body." This question, we think, we have already disposed of. The record shows that the plaintiff offered in evidence its articles of incorporation, proved their due execution, filing and recording, etc., under the laws of Idaho territory.

The fourth ground of motion is that the plaintiff has not shown any legal ordinance upon which to base the alleged contract. The fifth ground is to the same effect, as is also the seventh; and we think we have already sufficiently discussed them. The zeal of counsel may sometimes prompt the belief in their own minds that the repeated assertion of a proposition may give it potency, notwithstanding it has no predicate in legal principles, but this is a mistake, and error is error, despite continuous repetition.

The sixth ground of the motion for a nonsuit is: "The alleged contract and ordinance are illegal, and are opposed to the laws of the then territory, and to the charter of the city of Bellevue." The act of the legislature chartering the city of Bellevue was passed February 8, 1883. Ordinance No. 19, upon which this action is based, was passed by the common council of said city March 8, 1887, and approved by the mayor March 10, 1887, and accepted by the parties therein named. On the eighteenth day of June, 1887, the parties named in the ordinance assigned and transferred their interest and rights therein and thereunder to the plaintiff corporation, who proceeded to complete the works provided for in the ordinance, and said works were accepted by the city, and the use thereof appropriated by the city, to the extent provided for in said ordinance No. 19, for the years 1887, 1888 and 1889. The legislature of the territory of Idaho, at its fourteenth session, which adjourned on the nineteenth day of February, 1887, adopted the Revised Statutes of 1887, to take effect on the first day of June, 1887. Section 2711 of the Revised Statutes provides as follows: "All corporations formed to supply water

to cities or towns must furnish pure, fresh water to the inhabitants thereof for family uses, so long as the supply permits, at reasonable rates and without distinction of person, upon proper demand therefor; and must furnish water to the extent of their means in case of fire or other great necessity free of charge," etc.   It is contended by counsel for the respondent that, as the corporation plaintiff became the assignees of the parties named in the ordinance after the Revised Statutes took effect, they took such assignment and transfer subject to the provisions of said section 2711, and are therefore compelled to furnish water to the city of Bellevue free of charge.   The argument of counsel for the respondent in support of this proposition is extensive, profuse in illustration and diffuse in rhetoric, and yet we find nothing in the argument, or the authorities cited in support of it, which tends to convince us that a contract made in March, 1887, can be invalidated or impaired by an act of the legislature which does not become a law until June, 1887.   The charter of the city of Bellevue was granted by enactment of the legislature, February 8, 1883.   By the provisions of that charter, full power is given the corporation: "To make regulations for the prevention of accidents by fire; to organize and establish fire departments; to provide fire engines and other apparatus, and a sufficient supply of water, and levy and collect special taxes for those purposes," etc. Under and by virtue of the powers in the charter granted, the corporation, through its proper officers, on the 10th of March, 1887, made the contract expressed in ordinance No. 19.   That contract was fulfilled on the part of the parties therein named, to wit, the parties named and their assigns.   The fulfillment of the contract was recognized by the corporation city by the acceptance of the works, the appropriation of the benefits under the contract and the payment therefor by the city for the years 1887, 1888 and 1889.   But in the year of our Lord 1890, it seems, a new ruler had come to preside over the destinies of the city of Bellevue—"one who knew not Joseph" —and it is deemed necessary to undo all that has gone before.   Whether such a course is ever justifiable or excusable we

will not stop to discuss, as with these matters courts have no concern.   If improvident contracts have been made by corporations, municipal or others, it must not be expected that courts · will relieve them by arbitrary judicial constructions, predicated upon any argument of *ex necessitate rei.*   (*Argenti v. City of San Francisco,* 16 Cal. 263; *Brown v. City of Atchison,* 39 Kan. 37, 7 Am. St. Rep. 515, 17 Pac. 472; *Moore v. Mayor,* 73 N. Y. 238, 29 Am. Rep. 134.)

We have patiently and laboriously read the brief, and carefully examined all the authorities cited by counsel for respondent (except the argument and authorities upon the question of hydraulics and hydrostatics, which, as we were entirely unable to see what bearing they had upon the case under consideration, and, furthermore, being painfully cognizant of the fact that "life is fleeting," we have left unconsidered), and we find ourselves compelled to set aside the order and judgment of nonsuit made and granted by the district court in this case. The objection that the ordinance gives an exclusive privilege will not support the contention that it is for that reason void. The ordinance may be void as to its exclusive grant, and valid as to the balance.   That question can only be properly raised by some one directly interested therein.   (*Dodge v. City of Council Bluffs,* 57 Iowa, 560, 10 N. W. 888; *East St. Louis v. East St. Louis Gaslight etc. Co.,* 98 Ill. 415, 38 Am. Rep. 97.)   The judgment of the district court is reversed, and the cause remanded for further proceedings, at cost of respondent.

Morgan, J., concur.

Sullivan, J., did not sit in the case, and took no part in the decision.