# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40603-2012

STATE OF IDAHO,                           )
                                          )     **Boise, November 2014 Term**
      **Plaintiff-Respondent,**          )
                                          )     **2014 Opinion No. 129**
**v.**                                    )
                                          )     **Filed: December 2, 2014**
**JUAN LUIS SANCHEZ-CASTRO,**             )
                                          )     **Stephen W. Kenyon, Clerk**
      **Defendant-Appellant.**           )
                                          )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County.  Hon. George D. Carey, Senior District Judge.

The judgment of the district court is <u>affirmed</u>.

Eric Fredericksen, Deputy State Appellate Public Defender, Boise, argued for appellant.

Jessica M. Lorello, Deputy Attorney General, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Ada County in which the defendant contends that his convictions and sentences for both conspiracy to traffic in methamphetamine and trafficking in methamphetamine violate double jeopardy.  We affirm both convictions and sentences.

## I.
## Factual Background.

Juan Luis Sanchez-Castro (Defendant) was indicted, tried, and convicted of one count of conspiracy to traffic in 400 grams or more of methamphetamine in violation of Idaho Code section 37-2732B(b) and one count of trafficking in 400 grams or more of methamphetamine in violation of Idaho Code section 37-2732B(a)(4)(C).  For each crime, he was sentenced to fifteen years in the custody of the Idaho Board of Correction, with the first ten years fixed and the remaining five years indeterminate, and a fine of $25,000.  The district court ordered that the

prison sentence on the second charge run concurrently with the prison sentence on the first charge. Defendant appealed, contending that the conspiracy charge and the trafficking charge were, under Idaho law, the same charge.

## II.
### Analysis.

"The double jeopardy clauses in the Idaho and federal constitutions prohibit putting one in jeopardy twice for the same crime. This protection applies not only to multiple punishments, but also to multiple prosecutions for the same crimes." *State v. Manley*, 142 Idaho 338, 343, 127 P.3d 954, 959 (2005). "There are two theories under which a particular offense may be determined to be a lesser included offense of a charged offense." *State v. Curtis*, 130 Idaho 522, 524, 944 P.2d 119, 121 (1997). "One theory is referred to as the 'statutory theory.' " *State v. Flegel*, 151 Idaho 525, 527, 261 P.3d 519, 521 (2011). "Under this theory, one offense is not considered a lesser included of another unless it is necessarily so under the statutory definition of the crime." *State v. Thompson*, 101 Idaho 430, 433, 614 P.2d 970, 973 (1980). "We apply the *Blockburger* test, which originated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether an offense is a lesser included offense under the statutory theory." *Flegel*, 151 Idaho at 527, 261 P.3d at 521. "The other theory is called the 'pleading theory.' " *Id*. at 529, 261 P.3d at 523. " 'This theory holds "that an offense is an included offense if it is alleged in the information [or indictment] as a means or element of the commission of the higher offense." ' " *Sivak v. State*, 112 Idaho 197, 211, 731 P.2d 192, 206 (1986).

In this case, Defendant first relies upon the statutory theory. "Traditionally the law has considered conspiracy and the completed substantive offense to be separate crimes." *Iannelli v. United States*, 420 U.S. 770, 777 (1975). As the Supreme Court explained, "[T]he conspiracy to commit an offense and the subsequent commission of that crime normally do not merge into a single punishable act. Thus, it is well recognized that in most cases separate sentences can be imposed for the conspiracy to do an act and for the subsequent accomplishment of that end." *Id*. at 777-78.

We have not had occasion to address whether a defendant can be punished for both the conspiracy to commit a crime and the commission of the crime, but our Court of Appeals has

acknowledged that "[i]t is generally accepted that a conviction and sentence on a count charging conspiracy will not, on the theory of double punishment, prevent conviction and sentence on another count charging the substantive offense." *State v. Gallatin*, 106 Idaho 564, 567, 682 P.2d 105, 108 (Ct. App. 1984).

Defendant argues that the statutory definitions of the crimes of conspiracy and trafficking alleged in this case show that they are the same offense. Idaho Code section 37-2732B(a)(4) makes it a felony to knowingly possess twenty-eight or more grams of methamphetamine. Subsection (b) of the statute states, "Any person who agrees, conspires, combines or confederates with another person or solicits another person to commit any act prohibited in subsection (a) of this section is guilty of a felony and is punishable as if he had actually committed such prohibited act." Defendant emphasizes the words "as if he had actually committed such prohibited act" to argue that the statute defines conspiracy and possession to be the same crime. He misconstrues the statute.

The wording he relies upon states how the crime of conspiracy is punishable. It does not define the crime of conspiracy. The words "and is punishable as if he had actually committed such prohibited act" in the statute mean that the punishment for the crime of conspiracy under subsection (b) is the same as the punishment for the substantive crime that the defendant conspired to commit. The fact that the two crimes have the same penalty does not make them the same crime. The penalty for the substantive crime varies depending upon the quantity of drugs involved, and so the punishment for conspiracy depends upon the quantity of drugs that were the subject of the conspiracy. I.C. § 37-2732B(a)(4)(A)-(D). The statutory definitions of trafficking and conspiracy do not define the same crime.

The Defendant also asserts that the conspiracy and the trafficking charges were the same offense under the pleading theory, although he does not present any argument supporting that assertion other than merely stating, "In both Counts I and II, Mr. Sanchez-Castro was alleged to have committed the relevant offenses by possessing 400 or more grams of methamphetamine or a mixture or substance containing a detectable amount of methamphetamine." He apparently bases this assertion upon the language in the conspiracy count that Defendant and others "did willfully and knowingly combine, conspire, confederate and agree to traffic in a controlled substance, by knowingly possessing methamphetamine, to wit: in excess of four-hundred (400) grams or more of methamphetamine."

3

The crime of trafficking in methamphetamine is committed when a person "knowingly delivers, or brings into this state, or [] is knowingly in actual or constructive possession of, twenty-eight (28) grams or more of methamphetamine or amphetamine or of any mixture or substance containing a detectable amount of methamphetamine or amphetamine." 37-2732B(a)(4). Knowingly possessing a specified quantity of methamphetamine is one manner of committing the crime of trafficking. The language upon which Defendant apparently relies states that he and others conspired "to traffic in a controlled substance, by knowingly possessing methamphetamine." The words "by knowingly possessing methamphetamine" were not alleged as the means by which the Defendant and others were alleged to have committed the conspiracy. The words obviously referred to the object of the conspiracy—they conspired to traffic in a controlled substance by knowlingly possessing methamphetamine.

### III.
### Conclusion.

The judgment of the district court is affirmed.


Chief Justice BURDICK, Justices J. JONES, HORTON and Senior Justice Pro Tem WALTERS **CONCUR.**

4