**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 41910**

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | **Twin Falls, November 2015** |
| Plaintiff-Respondent, | ) | |
| | ) | **2016 Opinion No. 12** |
| v. | ) | |
| | ) | **Filed: February 25, 2016** |
| MICHELLE FAYE MCINTOSH, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Judgment of conviction and sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant.  Jason C. Pintler, Deputy Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General argued.

_____

BURDICK, Justice

Michelle Faye McIntosh appeals from her judgment of conviction and resulting sentence after she was found guilty of trafficking in methamphetamine, possession of methamphetamine with intent to deliver, two counts of delivery of methamphetamine, and one count of possession of drug paraphernalia. We affirm both the judgment of conviction and the resulting sentence.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case stems out of three separate purchases of methamphetamine by an undercover police officer from Michelle Faye McIntosh. The undercover police officer first purchased 3.5 grams of methamphetamine from McIntosh, and then purchased another 14.9 grams about a week later. Eight days after that, the undercover agent purchased another twenty-eight grams of methamphetamine from McIntosh. Shortly after the third transaction, police officers arrested McIntosh and found her in possession of methamphetamine and a pipe.

McIntosh was subsequently charged with, and later indicted for, two counts of trafficking in methamphetamine, two counts of delivery of methamphetamine, and one count of possession of drug paraphernalia. At the close of the State's case at trial, McIntosh's counsel moved to

"partially dismiss count one or dismiss the trafficking component of count one and just leave simple possession of a controlled substance." The State responded that if the court was inclined to grant McIntosh's motion, the court should submit possession with intent to deliver, rather than possession. The district court heard arguments from the parties and subsequently dismissed the trafficking charge in Count I and ruled that it would instead instruct the jury on possession of a controlled substance with intent to deliver. The jury found McIntosh guilty of all charges, and the court subsequently sentenced McIntosh to a total unified term of ten years, with four years fixed. McIntosh timely appealed.

## II.    ANALYSIS

McIntosh makes two arguments on appeal. First, she argues this Court should vacate her conviction for possession of a controlled substance with intent to deliver because the district court did not have subject matter jurisdiction over the charge. Second, McIntosh argues that the district court abused its discretion when it imposed a unified term of ten years, with four years fixed. Each argument is addressed in turn.

### A.  McIntosh's conviction for possession of a controlled substance with intent to deliver.

McIntosh urges this Court to vacate her conviction for possession of a controlled substance with intent to deliver because the district court did not have subject-matter jurisdiction over the charge. Specifically, McIntosh asserts that possession of a controlled substance with intent to deliver is not a lesser-included offense to trafficking. Therefore, McIntosh argues, the district court lost jurisdiction over that charge when it dismissed the trafficking charge and instead instructed the jury on the possession with intent to deliver charge.

1. Whether possession with intent to deliver is a lesser-included offense of trafficking in methamphetamine.

McIntosh argues that possession with intent to deliver is not a lesser-included offense of trafficking in methamphetamine because it is possible to violate the trafficking statute without meeting the required elements under the possession with intent to deliver statute. The State contends that intent to deliver is an included offense because although trafficking does not specifically require the jury to find intent, intent may be proven by "possession of controlled substances in quantities greater than would be kept for personal use."

"There are two theories under which a particular offense may be determined to be a lesser-included offense of a charged offense": the statutory theory and the pleading theory. *State*

*v. Sanchez-Castro*, 157 Idaho 647, 648, 339 P.3d 372, 373 (2012) (quoting *State v. Curtis*, 130 Idaho 522, 524, 944 P.2d 119, 121 (1997)).

### a. *Statutory theory*

The statutory theory provides that "one offense is not considered a lesser-included of another unless it is necessarily so under the statutory definition of the crime." *Id.* (quoting *State v. Thompson*, 101 Idaho 430, 433, 614 P.2d 970, 973 (1980)). In determining whether an offense is a lesser-included offense this Court applies the *Blockburger* test, *Blockburger v. United States*, 284 U.S. 299 (1932), which provides that an offense may be a lesser-included of another if all the elements of the lesser offense are included within the elements needed to sustain a conviction of the greater offense. *State v. McCormick*, 100 Idaho 111, 114, 594 P.2d 149, 152 (1979). Thus, an offense is not lesser-included if it is possible to commit the greater offense without committing the lesser.

Idaho's trafficking statute provides in relevant part:

> Any person who knowingly delivers, or brings into this state, or who is knowingly in actual or constructive possession of, twenty-eight (28) grams or more of methamphetamine or amphetamine or of any mixture or substance containing a detectable amount of methamphetamine or amphetamine is guilty of a felony, which felony shall be known as "trafficking in methamphetamine or amphetamine."

I.C. § 37-2732B(a)(4)(A). Thus, trafficking requires the State to prove that the defendant (1) possessed or delivered methamphetamine; (2) knew it was methamphetamine; and (3) the quantity possessed or delivered was at least twenty-eight grams. *Id.*

Under the possession with intent to deliver statute, it is "unlawful for any person to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance." I.C. § 37-2732(a). Methamphetamine is a controlled substance. I.C. § 37-2705. Accordingly, possession with intent to deliver requires proof that the defendant (1) possessed any amount of methamphetamine; (2) knew it was methamphetamine or believed it was a controlled substance; and (3) intended to deliver the methamphetamine to another. I.C. § 37-2732(a).

Based on the language of these two statutes it is clear that possession with intent to deliver is not a lesser-included offense of trafficking in methamphetamine. Possession with intent to deliver requires proof of just that: intent to deliver. Although the elements of trafficking *can* be met if a defendant is shown to "knowingly deliver" at least twenty-eight grams of

3

methamphetamine, proof that a person knowingly possessed or brought that quantity of drugs into the state, regardless of what he intended to do with it, is also sufficient. Thus, because the intent element required to prove possession with intent to deliver is absent from the elements required to commit trafficking, it is possible to satisfy all the elements of trafficking without meeting all the elements of possession with intent to deliver. Therefore, possession with intent to deliver is not a lesser-included offense of trafficking in methamphetamine under the statutory theory.

### b. *Pleading theory*

The second theory is the pleading theory. *State v. Flegel*, 151 Idaho 525, 529, 261 P.3d 519, 523 (2011). Under this theory, an offense is included within another if the charging document alleges facts that, if proven, also necessarily prove the elements of the lesser-included offense. *Id.*

The original indictment charged McIntosh with the crimes of: I. Trafficking in Methamphetamine, Felony, I.C. 37-2732B(a)(4); II. Trafficking in Methamphetamine, Felony, I.C. 37-2732B(a)(4); III. Delivery of a Controlled Substance, Felony, I.C. §37-2732(a), IV. Delivery of a Controlled Substance, Felony, I.C. §37-2732(a); and V. Possession of Drug Paraphernalia, Misdemeanor, I.C. §37-2734A. Count I of the indictment alleged:

> COUNT I
>
> That the Defendant, MICHELLE FAYE MCINTOSH, on or about the 29th day of May, 2013, in the County of Ada, State of Idaho, did knowingly possess Methamphetamine, to-wit: twenty-eight (28) grams or more of Methamphetamine, a Schedule II controlled substance, or of any mixture or substance containing a detectable amount of Methamphetamine.

The facts alleged in the indictment closely track the language of Idaho Code section 37-2732B(a)(4)(A). However, the indictment fails to mention any facts analogous to "intent to deliver," as required to satisfy the elements of possession with intent to deliver. Thus, while the information accounts for all the elements required to prove trafficking in methamphetamine, the absence of anything resembling the "intent" element of possession with intent to deliver indicates that the proof of the elements of trafficking do not by necessity include proof of the elements of possession with intent to deliver. Consequently, possession with intent to deliver is not a lesser-included charge of trafficking in methamphetamine under the pleading theory.

The State argues that "trafficking does not require separate proof of intent to deliver because the minimum amount that must be possessed to be guilty of that offense . . . is sufficient proof of such intent." In support, the State cites the Idaho Criminal Jury Instructions, which allow the jury to infer intent to deliver from possession of a controlled substance in "quantities greater than would be kept for personal use," and the dictionary definition of the word "trafficking."[1]

This argument is not persuasive. The case law addressing both theories is clear that lesser-included charges must be found within the offense's statutory definition or pleading documents. The State's argument goes well beyond these parameters and ventures into the realm of statutory interpretation to assert that although intent is written into one statute but not the other, it is nonetheless intended to be there. Even assuming statutory interpretation was appropriate, "[s]tatutory interpretation 'begins with the literal language of the statute' " and looking elsewhere for interpretative guidance is only appropriate when the plain language is ambiguous. *Hayes v. City of Plummer*, 159 Idaho 168, ___, 357 P.3d 1276, 1278–79 (2015). No such ambiguity lurks in these statutes; by their plain language, intent is an element of one offense and not the other.

Accordingly, we hold that possession with intent to deliver is not a lesser-included charge of trafficking in methamphetamine under either the statutory or pleading theories.

2. Subject matter jurisdiction is not implicated when a district court gives an improper lesser-included offense jury instruction.

Because McIntosh failed to object to the jury instruction, McIntosh presumably frames the issue of the alleged improper jury instruction as one of jurisdiction because jurisdictional questions can be raised for the first time on appeal. Although we agree with McIntosh that intent to deliver is not a lesser-included offense of trafficking, we unequivocally reject McIntosh's assertion that the district court's delivery of an improper lesser-included jury instruction removes the district court's subject matter jurisdiction.

Generally, issues raised for the first time on appeal will not be considered. *State v. Martin*, 119 Idaho 577, 578–79, 808 P.2d 1322, 1323–24 (1991). Since parties cannot waive subject matter jurisdiction, it may be raised at any time, including for the first time on appeal.

---

[1] According to Respondent's brief,

> [T]he term trafficking implies such an intent in that the term is defined as the "import and export trade," "the business of bartering or buying and selling," or "illegal or disreputable usually commercial activity." http://merriam-webster.com/dictionary/trafficking.

*State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004). Issues about the district court's jurisdiction are issues of law over which the Court exercises independent review. *Id.*

Subject matter jurisdiction in a criminal case is conferred by the filing of an "information, indictment, or complaint alleging an offense was committed in the State of Idaho." *Id.*; Idaho Const. art. I, § 8. Generally, once acquired by the court, jurisdiction continues until extinguished by some event. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132; *McHugh v. McHugh*, 115 Idaho 198, 199, 766 P.2d 133, 134 (1988). Unless a statute or rule provides otherwise, "the trial court's jurisdiction . . . expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714, (2003). Finally, "[S]ubject matter jurisdiction does not depend on . . . the correctness of any decision made by the court." *Rogers*, 140 Idaho at 227, 91 P.3d at 1131.

Here, McIntosh argues that when the district court dismissed the trafficking count and gave an erroneous lesser-included instruction on possession with intent to deliver, the court lost its subject matter jurisdiction over that charge. Consequently, McIntosh argues that the conviction must be vacated. To support her argument, McIntosh relies on *State v. Flegel*, 151 Idaho 525, 261 P.3d 519 (2011), and *State v. Lute*, 150 Idaho 837, 252 P.3d 1255 (2011). McIntosh's reliance is misplaced.

In *Lute*, we held that an indictment was invalid because the grand jury's term had expired before issuing the indictment. 150 Idaho at 839–41, 252 P.3d at 1257–59. In *Flegel*, we held that an amended indictment was invalid because the State could not amend an indictment after the jury had acquitted the defendant of the crime charged in the indictment in order to include a non-included offense without first submitting it to the grand jury and filing a new information. *Id.* at 531, 261 P.2d at 525. Thus, both *Lute* and *Flegel* turned on the validity of the indictment.

Here, unlike in *Lute* and *Flegel*, McIntosh does not contest the validity of the indictment. Instead, McIntosh asserts that the district court lost subject matter jurisdiction because the court gave an erroneous lesser-included instruction on possession with intent to deliver. This argument is without merit.

> The district court acquired subject matter jurisdiction in the defendants' cases upon the filing of the indictment. *State v. Jones*, 140 Idaho 755, 757–58, 101 P.3d 699, 701–02 (2004). Even if an improper lesser included offense instruction was given, the court's subject matter jurisdiction that was conferred via the indictment remained throughout the trial, for subject matter jurisdiction does

6

not depend upon the correctness of any decision made by the court. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132.

*State v. Herrera*, 149 Idaho 216, 221–22, 233 P.3d 147, 152–53 (Ct. App. 2009).

Accordingly, the district court acquired subject matter jurisdiction in McIntosh's case upon the filing of a valid indictment. Even though the district court erred in giving an instruction on possession with intent to deliver, the district court's error did not remove the trial court's subject matter jurisdiction. Rather, such an instruction is a trial court error that must be objected to and preserved for appeal. *State v. Draper*, 151 Idaho 576, 587–88, 261 P.3d 853, 864–65 (2011) (noting that errors in jury instructions are generally not reviewable if not objected at trial but are raised for the first time on appeal).

b. The improper jury instruction was not properly preserved for further appellate review.

Idaho Criminal Rule 30(b) states in part: "No party may assign as error the giving of or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the instruction to which the party objects and the grounds of the objection." A narrow exception to this rule exists for alleged fundamental errors that affect a defendant's constitutional rights. *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010). However, we have repeatedly stated that we will not search the record for error and that errors not assigned with particularity will not be addressed. *See, e.g.*, *Bach v. Bagley*, 148 Idaho 784, 790–91, 229 P.3d 1146, 1152–53 (2010).

Here, McIntosh did not object to the possession with intent to deliver instruction. Indeed, defense counsel explicitly requested that the trafficking charge be partially dismissed and replaced with either an instruction on simple possession or on possession with intent to deliver: "Your Honor . . . I ask this Court just partially dismiss count one and submit it to the jury either as the State requested possession with intent to deliver or simple possession." Furthermore, aside from the jurisdictional argument, McIntosh does not assign any error, fundamental or otherwise, in regard to the jury instructions.

Therefore, because McIntosh did not object and because she does not allege fundamental error we do not address whether the jury instruction constituted error. [2]

---

[2] We do note, however, that counsel's failure to object and active encouragement for the district court to adopt either an instruction on simple possession or possession with intent to deliver in place of trafficking was a likely a strategic decision. Trafficking in methamphetamine carries a mandatory minimum sentence of three years fixed imprisonment and a fine of not less than $10,000; the maximum sentence for trafficking is life imprisonment and a $100,000 fine. I.C. § 37-2732B(4)(A)–(D). Possession with intent to deliver, however, carries no mandatory

7

**B. The district court did not abuse its discretion when it sentenced McIntosh to a unified term of ten years, with four years fixed.**

McIntosh argues that under any view of the facts, her total unified sentence of ten years, with four years fixed, is excessive. McIntosh points to the mitigating factors in her case to argue that her sentence was excessive. The State responds that the sentence the district court imposed was not excessive because the record shows a history of ongoing drug dealing. The State further argues that McIntosh is essentially asking the Court to re-weigh certain evidence, which does not show an abuse of discretion.

When evaluating whether a sentence is excessive, this Court considers the entire length of the sentence under an abuse of discretion standard. *State v. Stevens*, 146 Idaho 139, 148, 191 P.3d 217, 226 (2008). This Court has held that "[w]here a sentence is within statutory limits, an appellant has the burden of showing a clear abuse of discretion by the court imposing the sentence." *State v. Jackson*, 130 Idaho 293, 294, 939 P.2d 1372, 1373 (1997) (quoting *State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979)). When considering whether the trial court abused its discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistently with the legal standards applicable; and (3) whether the trial court reached its decision by an exercise of reason. *Stevens*, 146 Idaho at 143, 191 P.3d at 221.

In determining whether the sentencing court abused its discretion, this Court reviews all the facts and circumstances of the case. *State v. Broadhead*, 120 Idaho 141, 143, 814 P.2d 401, 403 (1991). To show an abuse of discretion, the defendant must show that in light of the governing criteria, the sentence was excessive, considering any view of the facts. *Id.* at 145, 814 P.2d at 405. The governing criteria, or objectives of criminal punishment are: "(1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing." *Id.* (quoting *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978)).

When a trial court exercises its discretion in sentencing, "the most fundamental requirement is reasonableness." *State v. Hooper*, 119 Idaho 606, 608, 809 P.2d 467, 469 (1991). A sentence is reasonable if it appears necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution.

---

minimum and a maximum of life imprisonment and a $25,000 fine. I.C. § 37-2732(B)(1)(A). Simple possession carries a maximum sentence of seven years imprisonment and a maximum fine of $15,000. I.C. § 37-2732(c)(1).

*State v. Lundquist*, 134 Idaho 831, 836, 11 P.3d 27, 32 (2000). When reviewing the reasonableness of a sentence, this Court conducts an independent review of the record, giving consideration to the nature of the offense, the character of the offender and the protection of the public interest. *State v. Delling*, 152 Idaho 122, 132, 267 P.3d 709, 719 (2011). "In deference to the trial judge, this Court will not substitute its view of a reasonable sentence where reasonable minds might differ." *Stevens*, 146 Idaho at 148–49, 191 P.3d. at 226–27. Furthermore, "[a] sentence fixed within the limits prescribed by the statute will ordinarily not be considered an abuse of discretion by the trial court." *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).

Here, the district court did not abuse its discretion when it sentenced McIntosh to a unified term of ten years, with four years fixed. First, it is clear from the sentencing hearing transcript that the district court appropriately perceived sentencing as a matter of discretion. Specifically, the district court stated:

> Counsel, I have reviewed the file and reports. Obviously I presided over the trial in this case. I do recognize my discretion in sentencing. I have considered the nature of the offense and character of the offender. I have also considered mitigating and aggravating factors and the objectives of protecting society and achieving deterrence, rehabilitation, retribution or punishment.

The district court then imposed sentences for each crime McIntosh was convicted for, noting that it believed they were the appropriate sentences taking into account all of the factors it is required to consider in sentencing. Ultimately, the sentences amounted to a unified term of ten years, with four years fixed.

Furthermore, the district court "acted within the boundaries of its discretion and consistently with the legal standards applicable" in sentencing McIntosh to a unified term of ten years, with four years fixed. Indeed, the district court noted at the beginning of the sentencing hearing that the counts McIntosh was convicted of meant McIntosh

> could have received a sentence of up to life in prison with minimum of two mandatory sentences of three years with credit for time served on those charges on counts one and two, fines of up to $251,000 in fines or both, fine and imposition, a DNA sample right thumbprint impression to the Idaho State Database, restitution to the State as appropriate, substance abuse evaluation and treatment if appropriate and minimum mandatory fines of $10,000 on each count one and count two.

The foregoing passage, together with the district court's statements that it "considered the nature of the offense and character of the offender," and the "mitigating and aggravating factors and the objectives of protecting society and achieving deterrence, rehabilitation, retribution or punishment" illustrate that the district court acted within the boundaries of its discretion and consistent with the applicable legal standards. Thus, we cannot say that the district court acted outside the boundaries of its discretion in doing so.

Finally, the district court considered and weighed all the relevant factors, which included both mitigating and aggravating factors, together with the objectives of criminal punishment, when it determined the appropriate sentence for McIntosh. Moreover, given the nature of the offense, the character of McIntosh, and the protection of the public interest, the sentence the district court imposed on McIntosh was reasonable.

The nature of the offense is considered primarily to determine whether the severity of the sentence is warranted. *See State v. Shideler*, 103 Idaho 593, 594, 651 P.2d 527, 528 (1982). When looking at the nature of the offense, it is not just the actual harm that is considered but the threatened harm of the conduct as well. *Id.* "The nature of the offense and protection of the public interest go hand-in-hand because the level of protection required corresponds to the severity of the crime." *State v. Miller*, 151 Idaho 828, 834–37, 264 P.3d 935, 941–44 (2011). The nature of the offense and protection of the public interest are weighed against the character of the offender to determine a reasonable sentence. *See id.*

This Court has recognized that possession of methamphetamine is a serious crime, *Miller*, 151 Idaho at 834, 264 P.3d at 941, and the record shows that McIntosh was actively involved in distributing large amounts of methamphetamine in the community. There is a significant public interest in protecting the public from McIntosh trafficking methamphetamine in the future. McIntosh argues that in light of her acceptance of responsibility and remorse for her actions, her drug addiction and willingness to seek treatment, and the support she receives from her family, her sentence was excessive. Although all of these things may be true, the district court explicitly noted that it took the mitigating factors into account when determining McIntosh's sentence, which presumably would include those McIntosh mentions in her brief. The sentence imposed on McIntosh was not "unreasonable under any view of the facts," and as mentioned above, "[i]n deference to the trial judge, this Court will not substitute its view of a reasonable sentence where reasonable minds might differ." *Stevens*, 146 Idaho at 148–49, 191 P.3d. at 226–27. Thus, we

10

hold that the district court did not abuse its discretion when it sentenced McIntosh to a unified term of ten years, with four years fixed. We affirm McIntosh's sentence.

### III.    CONCLUSION

For the foregoing reasons, we affirm McIntosh's judgment of conviction and resulting sentence.

Chief Justice J. JONES and Justices EISMANN, W. JONES and HORTON, **CONCUR.**