**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42777**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 28 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 14, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TOBY GLENN WEATHERLY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Judgment of conviction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Toby Glenn Weatherly appeals from his judgment of conviction, arguing that his rights under the Double Jeopardy Clause of the Idaho Constitution and the Fifth Amendment to the United States Constitution were violated when a jury found him guilty of grand theft and criminal possession of a financial transaction card.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Weatherly with one count of grand theft and one count of criminal possession of a financial transaction card, with a sentencing enhancement alleging Weatherly was a persistent violator of the law. A jury found Weatherly guilty of both counts and that Weatherly had two prior felonies. For each count, the district court imposed a five-year sentence, with one year determinate, to be served concurrently. Weatherly timely appeals from the judgment of conviction.

1

## II.

## STANDARD OF REVIEW

Whether a defendant's prosecution complies with the constitutional protection against being placed in jeopardy twice is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000). The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The clause affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001).

## III.

## ANALYSIS

Weatherly argues that his rights under the Double Jeopardy Clause of the Idaho and United States Constitutions were violated because possession of a financial transaction card is a lesser included offense of grand theft. Weatherly did not raise the issue of double jeopardy below.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

There are two theories under which a particular offense may be determined to be a lesser included offense of a charged offense: the statutory theory and the pleading theory. *See State v.*

2

*Flegel*, 151 Idaho 525, 527-529, 261 P.3d 519, 521-523 (2011). We hold that Weatherly has failed to persuade the Court that the alleged error violates an unwaived constitutional right because possession of a financial transaction card is not a lesser included offense of grand theft under either the statutory theory or the pleading theory.

**A.      Possession of a Financial Transaction Card Is Not a Lesser Included Offense of Grand Theft Under the Statutory Theory**

Under the statutory theory, "one offense is not considered a lesser included of another unless it is necessarily so under the statutory definition of the crime." *State v. Thompson*, 101 Idaho 430, 433, 614 P.2d 970, 973 (1980). The test originated in *Blockburger v. United States*, 284 U.S. 299 (1932). "An offense will be deemed to be a lesser included offense of another, greater offense, if all the elements required to sustain a conviction of the lesser included offense are included within the elements needed to sustain a conviction of the greater offense." *State v. McCormick*, 100 Idaho 111, 114, 594 P.2d 149, 152 (1979).

A person commits grand theft when he (1) knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in (2) a financial transaction card (3) of another person, (4) with the intent of depriving the owner thereof. I.C. §§ 18-2403(3), 18-2407(1)(b)(3). A person commits criminal possession of a financial transaction card when he (1) acquires (2) a financial transaction card (3) without the consent of a card holder or the issuer (4) with the intent to defraud. I.C. § 18-3125(1). As illustrated below, the intent element of each crime is different.

| Grand Theft<br>I.C. §§ 18-2403(3) and 18-2407(1)(b)(3) | Possession of Financial Transaction Card<br>I.C. § 18-3125(1) |
|---|---|
| 1. The defendant knowingly took or exercised unauthorized control over or made an unauthorized transfer of an interest in,<br><br>2. a financial transaction card,<br><br>3. of another person,<br><br>4. with the intent of depriving the owner thereof. | 1. The defendant acquires,<br><br>2. a financial transaction card,<br><br>3. without the consent of the card holder or issuer,<br><br>4. with the intent to defraud. |

To prove grand theft, the State must prove the defendant intended to deprive the owner of a financial transaction card. To prove criminal possession of a financial transaction card, the State must prove the defendant intended to defraud. The intent to defraud is not limited to the

3

owner and could apply to the owner, the issuer of the card, or the subsequent merchant or entity from whom the card was redeemed. Therefore, because each crime requires a different intent element, possession of a financial transaction card is not a lesser included offense of grand theft under the statutory theory.

**B.** **Possession of a Financial Transaction Card Is Not a Lesser Included Offense of Grand Theft Under the Pleading Theory**

Under the pleading theory adopted by the Idaho Supreme Court, a lesser included offense is one "alleged in the information as a means or element of the commission of the higher offense." *State v. McKinney*, 153 Idaho 837, 841, 291 P.3d 1036, 1040 (2013), *citing Thompson*, 101 Idaho at 434, 614 P.2d at 974. The pleading theory does not look at evidence adduced at trial, only the language of the charging document. *See McKinney*, 101 Idaho at 841, 291 P.3d 1040. Because the pleading theory relies on an examination of the charging information, it generally provides a broader definition of greater and lesser included offenses than a statutory theory approach. *Thompson*, 101 Idaho at 433-34, 614 P.2d at 973-74.

The charging document reads as follows:

COUNT I

GRAND THEFT, I.C. § 18-2403(3) and 18-2407(1)(b)(3), a felony

That the defendant, TOBY G. WEATHERLY, on or about the 21st day of December 2013, in the County of Nez Perce, State of Idaho, did knowingly exercise unauthorized control over and/or make an unauthorized transfer of interest in the property of another person with the intent of depriving the owner thereof, to wit: by using a financial transaction card belonging to NICHOLAS and/or JENNA WEATHERLY.

COUNT II

CRIMINAL POSSESSION OF A FINANCIAL TRANSACTION CARD,
FINANCIAL TRANSACTION NUMBER AND FTC FORGERY DEVICES,
I.C. § 18-3125(1), a felony

That the defendant, TOBY G. WEATHERLY, on, about or between 21st day of December 2013 and 23rd day of December 2013, in the County of Nez Perce, State of Idaho, did acquire and/or possess a financial transaction card, to-wit: a Visa Cash Card, without the consent of the cardholder and/or issuer, with the intent to use the financial transaction card to defraud the cardholder and/or issuer.

Weatherly has not persuaded this Court that criminal possession of a financial transaction card is a lesser included offense of grand theft in this case. In Count I, the State offers two potential means of committing grand theft: unauthorized control and/or unauthorized transfer.

4

Criminal possession of a financial transaction card may be a means or element by which grand theft by unauthorized control is committed. However, it may not be a means or element by which grand theft by unauthorized transfer is committed, because one would not necessarily be required to criminally possess a financial transaction card to commit theft by an unauthorized transfer. Put another way, one can be in legal possession of a financial transaction card belonging to another, but still commit theft by making an unauthorized transfer. Thus, as charged in this case, it is not clear from the face of the information that the criminal possession of a financial transaction card was the means or element of the commission of the grand theft charge. Therefore, Weatherly has not shown the alleged error violated one or more of his unwaived constitutional rights.

## IV.

## CONCLUSION

Because Weatherly cannot establish the first prong of the *Perry* analysis, he has failed to establish a basis for this Court to reverse an unobjected-to error. Therefore, the district court's judgment of conviction is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.