IN THE SUPREME COURT OF THE STATE OF IDAHO

**Docket No. 49255**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Rexburg, June 2023 Term |
| | ) | |
| v. | ) | Opinion filed: October 4, 2023 |
| | ) | |
| AUDREY ROSE MONROE, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Darren B. Simpson, District Judge.

The judgment of the district court is <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender, Boise, for Appellant. Sally Cooley argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Kacey Jones argued.

_____

MOELLER, Justice.

While a passenger during an unrelated traffic stop, Audrey Monroe was recognized by a Bingham County Sheriff's deputy as having an outstanding warrant. Pursuant to the warrant, the deputy attempted to take her into custody. In the course of the arrest, Monroe refused to release her phone, which was secured on her finger by a phone ring holder. As Monroe's resistance escalated, she fell to the ground and began violently kicking, making contact with the officer. Ultimately, she was secured in the police cruiser. The incident was captured on video by the arresting officer's body camera.

For her conduct during the arrest, Monroe was charged with felony battery on a police officer. I.C. § 18-915(3). During trial, Monroe asked the district court for jury instructions regarding two misdemeanor offenses, asserting that they were lesser included offenses of the crime charged. The district court declined to give either instruction. At the conclusion of the trial, the

1

jury found Monroe guilty of the felony charge. On appeal, Monroe argues that the district court committed reversible error in failing to give the requested lesser included jury instructions. For the reasons discussed below, we affirm Monroe's conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2021, Corporal Lawrence Henrie, a Bingham County deputy sheriff, initiated a traffic stop on a speeding vehicle. During the traffic stop, Cpl. Henrie recognized Audrey Monroe, a passenger in the car, as a fugitive with an outstanding warrant. Monroe's mother was the driver of the vehicle and Monroe's young child was sitting in a car seat in the back of the vehicle. After Cpl. Henrie confirmed the outstanding warrant with dispatch, he asked Monroe to exit the vehicle and attempted to take Monroe into custody. While securing handcuffs on Monroe, the deputy instructed Monroe to release her phone, which was secured on Monroe's finger by a phone ring holder. Monroe refused, telling the deputy he could not have her phone. Cpl. Henrie repeated his instruction to Monroe for her to release the phone. Monroe continued to resist and the arrest escalated.

Monroe turned to face the officer, lowered her head, and attempted to back away. As she attempted to back away from the officer, Monroe fell to the ground. While on the ground, Monroe began to forcefully kick at Cpl. Henrie. Body camera footage shows that Monroe made contact with Cpl. Henrie at least once.

Cpl. Henrie was able to eventually regain control of Monroe and restrain her on the ground. During this time, Cpl. Henrie can be heard on his radio requesting another officer to respond faster given the violent escalations from Monroe. Cpl. Henrie instructed Monroe to stand up and that they were going to walk to his police car. Monroe said no. After a brief pause during which Cpl. Henrie discussed the event with dispatch on his radio, he again instructed Monroe to stand up. Monroe responded with an expletive, indicating that she thought she was about to "get murdered." The officer immediately assured her that she was not.

After briefly standing, Monroe continued to resist and, again, had to be restrained on the ground. Much of this resistance cannot be seen on the bodycam because Monroe was close to Cpl. Henrie. However, Cpl. Henrie can be heard on his radio saying, "Standby. She is still kicking and fighting me." Shortly thereafter, Cpl. Henrie repeatedly instructed Monroe to stop resisting. Monroe responded that she was not resisting, and again screamed for her phone—this time wanting

2

to answer the phone. Now restrained on the ground, Monroe told her mother to get her phone. When Cpl. Henrie instructed Monroe's mother to stay in the car, she responded to Monroe, "Honey, we both can't go to jail."

After catching his breath, Cpl. Henrie asked Monroe, "Ok. I need you to just stand up and walk to my car. Are you going to do that without kicking me?" Monroe initially responded: "Nope." She then continued, "I will not stand up. I will make you [expletive deleted] hog carry me and I will fight the whole way." At this time, Monroe's child can be heard crying in the background. Then, Cpl. Henrie again asked Monroe: "Are you ready to stand up and walk to my car?" Monroe responded: "I am ready to stand, but I am not walking." Cpl. Henrie clarified, "without kicking?" Monroe responded, "No, no, nope. I wanna just stand." Cpl. Henrie informed Monroe she was not going to stand, unless she was willing to walk to his police car. "Then I guess we are gonna be here. Yep." Monroe continued to resist as another officer arrived on scene. When the additional officer arrived, Cpl. Henrie asked for help getting Monroe into his police car and informed the officer of her statements that she intended to resist. As Monroe continued to resist, one officer had to hold Monroe on one seat as Cpl. Henrie walked to the other side to pull her fully in the vehicle. With the additional officer's help, Cpl. Henrie eventually secured Monroe in the back of his police cruiser.

For her conduct during the arrest, Monroe was charged with battery on a police officer or sheriff, a felony under Idaho Code section 18-915(3). The case proceeded to trial. After opening statements, while the jury was excused for lunch, the district court discussed the proposed jury instructions with counsel. Monroe requested that the district court give jury instructions regarding two asserted lesser offenses: (1) misdemeanor battery upon a police officer by touching and (2) misdemeanor resisting or obstructing. The requested instructions read as follows:

[PROPOSED JURY] INSTRUCTION NO. ___

In order for the defendant to be guilty of <u>Misdemeanor</u> Battery upon Certain Personnel, the state must prove each of the following:

1. On or about March 19,[ ]2021
2. in the state of Idaho
3. the defendant AUDREY ROSE MONROE committed a battery,
4. upon Lawrence Henrie

3

5. By Unlawfully [sic] touching the person of Lawrence Henry [sic] against his will by kicking him in the leg and stomach, and

6. at the time of the offense, LAWRENCE HENRIE was a peace officer, and

7. the defendant knew or had reasons to know LAWRENCE HENRIE was a peace officer.

   If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

[PROPOSED JURY] INSTRUCTION NO. ___

   In order for the defendant to be guilty of Resisting or Obstructing an Officer, the state must prove each of the following:

1. On or about March 19, 2021

2. in the state of Idaho

3. the defendant AUDREY ROSE MONROE willfully

4. resisted or obstructed

5. LAWRENCE HENRIE, a peace officer,

6. in the discharge, or the attempt to discharge, any duty of LAWRENECE HENRIE'S office.

   If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

(Emphasis in originals).

The district court rejected the proposed resisting or obstructing instruction, concluding that it was not a proper lesser included offense because it did not "entail[] the same elements as the battery that's being alleged as the felony in this case." As for the misdemeanor battery upon an officer instruction, the court reserved ruling until the close of evidence.

After both sides had rested their cases, the district court revisited the requested jury instruction for misdemeanor battery on an officer. The district court concluded that misdemeanor battery *was* a lesser included of the felony offense: "So the first question is: Is battery on an officer [by] unlawful touching a lesser included offense of battery of an officer, the felony offense, [by] striking? *The* [district court] *would have to conclude that it is.*" However, the district court noted the conjunctive nature of the statute and the additional statutory requirement at issue. "The question is -- because this is not in the disjunctive. It says '*and* there is a reasonable view of the

4

evidence presented in the case that would support a finding that the defendant committed such lesser offense [. . . .]' " (citing I.C. § 19-2132(b) (emphasis added)). Before ruling, the court heard arguments from both the State and Monroe. After a discussion with counsel, the district court rejected the requested instruction, finding there was no reasonable view of the evidence supporting a finding of that charge:

> This Court, first of all, finds that under the statutory definitions, that battery on a law enforcement officer, a striking under the current statutory authority relied upon by the State . . . [Idaho Code section] 18-915(3), which excludes that unlawful touching element of battery.

> That it is the greater offense, that battery on an officer – unlawful touching would be a misdemeanor offense. So it is a lesser included offense.

> However, the statutory provision requires not only that it be a lesser included offense and that you have asked for it, but that there is a reasonable view of the evidence presented in the case that would support a finding of that charge.

> You've talked about resisting, obstructing, and I don't think that's . . . a lesser included offense. And I don't think, quite frankly, and the Court will find that it's not a reasonable interpretation that it would be -- that the evidence presented in this case would amount to the lesser included offense. So I'm going to deny the request for the lesser included offense and will only instruct the greater offense.

Following deliberations, the jury returned a verdict of guilty on the charge of felony battery on an officer. The district court later sentenced Monroe to five years in prison, with the first two years fixed and three years indeterminate, to be served consecutively with the sentence imposed for violating probation on her 2017 burglary conviction.

Monroe timely appealed. On appeal, Monroe argues that the district court committed reversible error in failing to give either of the lesser included jury instructions she requested. Additionally, in her opening brief, Monroe challenges the application of the "acquittal first rule" to the facts of her case.

## II. STANDARDS OF REVIEW

"This Court exercises free review over whether a jury was given proper instructions." *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009) (citing *Miller v. State,* 135 Idaho 261, 265, 16 P.3d 937, 941 (Ct. App. 2000)). Similarly, "[t]he issue of whether a particular jury instruction is necessary and whether the jury has been properly instructed is a matter of law over which this Court exercises free review." *State v. Stanfield*, 158 Idaho 327, 331, 347 P.3d 175, 179 (2015) (alteration in original) (quoting *State v. Adamcik*, 152 Idaho 445, 472, 272 P.3d 417, 444

(2012)). " 'The determination of whether a particular crime is an included offense of the crime charged involves a question of law over which this Court exercises free review.' " *State v. Flegel*, 151 Idaho 525, 527, 261 P.3d 519, 521 (2011) (quoting *State v. Rosencrantz*, 130 Idaho 666, 668, 946 P.2d 628, 630 (1997)).

### III. ANALYSIS

Monroe challenges the denial of both requested jury instructions and squarely attacks the "acquittal first rule." However, since the acquittal first rule is used in determining if an error is harmless, we must first address whether there was an error by the district court in denying the requested instructions.

Monroe argues that the district court erred in rejecting her two requested lesser included offense instructions for misdemeanor battery on an officer and resisting and obstructing an officer. Importantly, these offenses were denied for different reasons by the district court below. Specifically, the district court determined that the resisting or obstructing instruction was not a lesser included offense to the charge of battery on an officer. Regarding the misdemeanor battery on an officer instruction, the district court concluded that it was a lesser included offense; however, it still denied the instruction on the grounds that there was "not a reasonable interpretation that it would be – that the evidence presented in this case would amount to the lesser included offense." Thus, in evaluating these instructions, we must first determine whether the district court erred in concluding that the resisting or obstructing instruction was not a lesser included offense and, separately, whether the district court erred in concluding that there was no reasonable view of the evidence that would support a verdict that the defendant committed the lesser offense of misdemeanor battery on an officer and not the greater offense of felony battery on an officer.

**A. The district court did not err in denying Monroe's requested resisting or obstructing an officer instruction because it was not a lesser included offense under the pleading theory.**

*1. The applicability of the pleading theory was preserved for appeal.*

On appeal, Monroe asserts that the resisting or obstructing instruction should have been given under the pleading theory.[1] The State contends that Monroe failed to properly preserve this

---

[1] Monroe does not challenge the district court's decision under the statutory theory. While Monroe notes that the district court "did not clearly identify whether it was evaluating the offenses under the pleading theory or the statutory theory," she only argues that resisting or obstructing was a lesser included offense under the pleading theory.

6

argument, maintaining that although she relied on the statutory theory at trial, she has abandoned it on appeal in favor of the pleading theory. When Monroe asked the district court for a jury instruction on misdemeanor resisting or obstructing, the State objected. The State addressed both the statutory and pleading theories in its argument. When the district court denied the motion, its explanation was based, at least in part, on the pleading theory: "I don't think [misdemeanor resisting or obstructing] *entails the same elements* as the battery that's being alleged [ ] in this case." (Emphasis added).

In *State v. DuValt*, we held that "ordinarily issues cannot be raised for the first time on appeal. An exception to this rule, however, has been applied by this Court when the issue was argued to or decided by the trial court." 131 Idaho 550, 553, 961 P.2d 641, 644 (1998) (citations omitted). *See also State v. Miramontes*, 170 Idaho 920, 924, 517 P.3d 849, 853 (2022) (holding an issue "presented to the trial court with argument and authority" is preserved even if there was not an adverse ruling from the court). Although not asserted by Monroe, the pleading theory was raised by the State, addressed by the court, and ultimately provided a basis for the court's adverse ruling. Accordingly, we conclude that the issue was satisfactorily preserved for appeal.

2. *The pleading theory was properly applied by the district court in denying the requested instruction.*

As an initial matter, we note that " [t]here are two theories under which a particular offense may be determined to be a lesser-included offense of a charged offense': the statutory theory and the pleading theory." *State v. McIntosh*, 160 Idaho 1, 4–5, 368 P.3d 621, 624–25 (2016) (quoting *State v. Sanchez–Castro*, 157 Idaho 647, 648, 339 P.3d 372, 373 (2014)). As for the former, the statutory theory looks to the statutory definitions and compares the elements of each offense. More specifically, "[t]he statutory theory provides that 'one offense is not considered a lesser-included of another unless it is necessarily so under the statutory definition of the crime.' " *Id.* at 4–5, 368 P.3d at 624–25 (quoting *Sanchez–Castro,* 157 Idaho at 648, 339 P.3d at 373). "In determining whether an offense is a lesser-included offense this Court applies the *Blockburger* test, *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which provides that an offense may be a lesser-included of another if all the elements of the lesser offense are included within the elements needed to sustain a conviction of the greater offense." *McIntosh*, 160 Idaho at 4–5, 368 P.3d at 624–25 (citing *State v. McCormick*, 100 Idaho 111, 114, 594 P.2d 149,

152 (1979)). Importantly, as this Court has said, "an offense is not lesser-included if it is possible to commit the greater offense without committing the lesser." *Id.* at 5, 368 P.3d at 625.

As for the second approach, "[u]nder [the pleading] theory, an offense is included within another if the charging document alleges facts that, if proven, also necessarily prove the elements of the lesser-included offense." *Id.* (citing *State v. Flegel*, 151 Idaho 525, 529, 261 P.3d 519, 523 (2011)). Importantly, "the pleading theory requires an examination of the charging documents." *Rome v. State*, 164 Idaho 407, 417, 431 P.3d 242, 252 (2018). Thus, "[t]he pleading theory does not look at evidence adduced at trial, only the language of the charging document." *State v. Anderson*, ___ Idaho ___, ___, 530 P.3d 680, 689 (2023) (quoting *State v. Weatherly*, 160 Idaho 302, 305, 371 P.3d 815, 818 (Ct. App. 2016)). "Under the pleading theory 'an offense is an included offense if it is alleged in the information as a means or element of the commission of the higher offense.'" *Rome*, 164 Idaho at 417, 431 P.3d at 252 (quoting *State v. Curtis*, 130 Idaho 522, 524, 944 P.2d 119, 121 (1997)). *See also Sivak v. State*, 112 Idaho 197, 211, 731 P.2d 192, 206 (1986).

In support of her argument that a jury instruction on misdemeanor resisting or obstructing should have been given, Monroe points to the criminal complaint that charged Monroe with one count of "Battery on a Police Officer or Sheriff – Strike, a Felony, Idaho Code § 18-915(3), 18-903(b), (punishable from 1 to 5 years in prison and/or $50,000 fine)[.]" The specific details of the count stated:

> That Audrey Rose Monroe, on or about March 19, 2021, in the County of Bingham, State of Idaho, did actually, intentionally, and unlawfully, *strike* the person of Corporal Lawrence [Henrie] against his/her will by *kicking* the law enforcement officer in the legs and stomach, where the Defendant knew or had reason to know that Corporal Lawrence [Henrie] was [a] peace officer, sheriff, or police officer and did commit said battery while [Henrie] was engaged in the performance of his/her duties.

(Emphasis added).

Here, as alleged by the State, "obstruction" was not a "means or element" by which Monroe completed the greater offense. In fact, the criminal complaint does not even allege Monroe resisted or obstructed the arresting officer "in the discharge, or the attempt to discharge, any duty." *See* ICJI 1260; I.C. § 18-705. This is a required element of a resisting or obstructing charge; however, the State made no such allegation in its criminal complaint or information. While the facts

8

developed at trial may have supported *a separate count* for resisting or obstructing, under the pleading theory the charging document did not support a lesser included count. As we have noted, "[t]he pleading theory does not look at evidence adduced at trial, only the language of the charging document." *Anderson*, ___ Idaho at ___, 530 P.3d at 689 (quoting *Weatherly*, 160 Idaho at 305, 371 P.3d at 818). As we have said, "[t]he case law addressing both theories is clear that lesser-included charges *must be found within* the offense's statutory definition or pleading documents." *Id.* (emphasis in original) (quoting *McIntosh*, 160 Idaho at 6, 368 P.3d at 626).

Further, when comparing the charging document to the proposed jury instruction, it would be possible to commit the greater offense without committing the lesser. Without saying as much, the district court offered a hypothetical supporting this conclusion:

> The officer's not trying to do anything with me; I go up and I punch him. That's battery on an officer, but it's not obstructing, because I wasn't resisting arrest. . . .
>
> Now, it still could be -- he'd have to be doing something that I obstructed. But if he's walking down the street and I walk up and punch him, that's not obstructing or resisting, I wouldn't think.

The district court's hypothetical illustrates a key difference between the two offenses: an obstruction would have prevented the officer from completing his duty. While, admittedly, the charging document includes the performance of the duty, the charging document does not allege that the strike obstructed or otherwise impeded the performance of the officer's duties. To expand on the hypothetical, if charged with both offenses, based on the charging documents, the jury could have found Monroe guilty of battery on an officer, but not resisting or obstructing. As we have said, "an offense is not lesser-included if it is possible to commit the greater offense without committing the lesser." *McIntosh*, 160 Idaho at 5, 368 P.3d at 625.

Based on the charging documents, it cannot be said that resisting or obstructing an officer was "a means or element *of the commission*" of felony battery on an officer as charged. For this reason, we find no error in the district court's conclusion that the resisting or obstructing charge was not a lesser included offense under the pleading theory. Thus, it was not an error to deny the resisting or obstructing instruction.

**B. The district court did not err in denying the misdemeanor battery on an officer instruction because there was not a reasonable view of the evidence presented at trial that would have supported a conclusion that the charged "contact" was not a "strike."**

The district court agreed with Monroe that misdemeanor battery on an officer is a lesser included offense of felony battery on an officer. Lesser included jury instructions are governed by Idaho Code section 19-2132(b). The statute has two threshold requirements before the mandatory nature of the statute is triggered. Specifically, the statute provides:

The court shall instruct the jury with respect to a lesser included offense if:

(1) Either party requests such an instruction; and

(2) There is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense.

I.C. § 19-2132(b). The district court's determination that misdemeanor battery was a lesser included offense is not challenged on appeal. Additionally, it is undisputed that Monroe requested the instruction. Thus, we must determine whether the district court erred in concluding that there was not a reasonable view of the evidence presented supporting a finding that Monroe committed the misdemeanor battery offense, but not the felony battery offense.

Importantly, while "a defendant is entitled to an instruction where there is a reasonable view of the evidence presented in the case that would support the theory," *State v. Fields*, 168 Idaho 57, 63, 479 P.3d 450, 456 (Ct. App. 2020) (quoting *State v. Ward*, 135 Idaho 400, 402, 17 P.3d 901, 903 (Ct. App. 2001)), "[a] defendant is not entitled to an instruction dealing with a defense theory that is not supported by the evidence." *State v. Hall*, 161 Idaho 413, 423, 387 P.3d 81, 91 (2016) (citing *State v. Johns*, 112 Idaho 873, 880–81, 736 P.2d 1327, 1334–35 (1987)).

During Monroe's opening statement, her counsel did not present a theory of the case that the contact Monroe made with Cpl. Henrie was merely a touch, as opposed to a strike or kick. In fact, defense counsel highlighted the anticipated testimony of Monroe's mother, telling the jury that she would testify that there was no contact at all. Thus, the district court wisely waited until it heard all the evidence before ruling on the misdemeanor battery on an officer instruction. During the evidentiary phase of the trial, Monroe's mother testified that she did not see Monroe's foot make contact with Cpl. Henrie. Moreover, the only time the "touch" theory was even obliquely addressed by Monroe was during the cross-examination of Cpl. Henrie:

Q [by defense counsel]: You testified that Audrey kicked you while she was on the ground, and you mentioned you could tell you got kicked in the abdomen but you didn't really – couldn't feel it very well. Can you -- how can you -- I guess

10

you also testified that you were kicked in the upper thigh. Can you differentiate a, I guess, pain on your body from a kick from a not-a-kick?

> A [Cpl. Henrie]: Yeah, so I felt her kick me, but the pain, it wasn't like it was – there wasn't a lot of pain. I could tell I had been kicked, but it wasn't a lot of pain. So the pain itself – I knew I got kicked. I verbally [sic] saw her kick me in the leg or the upper thigh and the stomach. It was the pain that I was referring to that was – I could tell I had been kicked, but it wasn't like excruciating pain.

Defense counsel continued on this path, attempting to suggest that the contact that occurred was not a kick:

> Q. It was yours, okay. And so at this point, like I said, you testified that you were pressing charges for battery on an officer. Did you take any pictures of – of where you say she kicked you?
>
> A. No, I did not.
>
> Q. No? Okay. Did you receive any medical treatment for any injuries, or did you sustain any injuries?
>
> A. Like I said, I had that charley horse and then a little bit of stomach pain and then a little bit of redness on my lower legs, but it wasn't enough to receive medical treatment, anyway.
>
> Q. So you didn't ask for medical treatment.
>
> A. No, I did not.

Cpl. Henrie's responses show that—while not exaggerating the severity of his injuries—they were certainly more than a mere incidental touch. The quoted excerpts from Cpl. Henrie's cross-examination constitute the only attempts by the defense to support the theory that a touch—rather than a kick or a strike—took place. However, the officer's references to redness and some degree of pain negated Monroe's attempts to suggest it was merely a touch.

We have reviewed the record and closely observed the same body cam footage as the district court and the jury saw. We agree that there is no reasonable view of the body camera footage that supports the conclusion that Monroe merely touched Cpl. Henrie with her foot but did not strike or kick him. While much of the altercation takes place beyond the field of view, there is at least one clear instance of a strike plainly visible in the field of view. When Monroe fell to the ground, her legs did not aimlessly flail. Rather, from the moment she landed on the ground, Monroe's eyes focused squarely on Cpl. Henrie and her kicks at him appear deliberate. The video

11

confirms that using controlled and targeted movements, Monroe forcefully strikes Cpl. Henrie with a kick. We agree with the district court that this is the only reasonable view of the evidence.

Moreover, the statements heard on the video, which the parties stipulated were admissible, support the district court's view of the evidence. In addition to hearing Cpl. Henrie's struggle to subdue Monroe, he can be heard on the radio stating that Monroe is "kicking" him. For example, Cpl. Henrie asked Monroe multiple times if she would go to the police car without kicking him. Each time, with defiant and profane language, Monroe indicated that she was disinclined to acquiesce to the officer's requests. For example, as previously noted, Monroe unequivocally stated: "I will not stand up. I will make you [expletive deleted] hog carry me and *I will fight* the whole way." (Emphasis added). It is abundantly clear from viewing the video that Monroe did just that.

Inasmuch as the evidence adduced at trial did not support a theory that the contact Monroe was charged with did not amount to a strike, and "[a] defendant is not entitled to an instruction dealing with a defense theory that is not supported by the evidence," *Hall*, 161 Idaho at 423, 387 P.3d at 91, we conclude that Monroe was not entitled to the misdemeanor battery instruction. Accordingly, we affirm the district court's refusal to give such an instruction. In light of this conclusion, we need not address Monroe's challenge to the acquittal first rule.

## IV. CONCLUSION

For the reasons discussed above, we affirm the judgment of the district court.

Chief Justice BEVAN, Justices BRODY, STEGNER and ZAHN CONCUR.