IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 52073

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | Filed: October 2, 2025 |
| Plaintiff-Appellant, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JASON CLIFFORD ZAK, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Susie Jensen, District Judge.

Order granting motion to suppress, <u>affirmed</u>.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for respondent.

_____

GRATTON, Chief Judge

The State of Idaho appeals from the district court's order granting Jason Clifford Zak's motion to suppress. The State argues the district court erred in concluding that reasonable suspicion of a probation violation does not justify an investigative detention of the probationer. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Due to reports of trespassing on railroad property, Deputy Earl was conducting patrols on or near railroad property. Zak was parked on property belonging to the Burlington Northern Santa Fe Railroad and marked no trespassing. Deputy Earl contacted Zak who admitted he lacked permission to be on the railroad property, informed Deputy Earl that he was on probation, and provided his probation officer's name. Deputy Earl contacted dispatch and dispatch noted that

1

Zak had caution codes for aggravated assault and felon in possession of a firearm. Deputy Earl contacted Zak's probation officer who requested that Deputy Earl conduct a probationary search of Zak and his vehicle. The call between Deputy Earl and the probation officer lasted approximately one minute and twenty-eight seconds. Deputy Earl searched the vehicle and found several firearms and contraband. The State charged Zak with possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1); possession of drug paraphernalia, I.C. § 37-2734A(1); and four counts of unlawful possession of a firearm, I.C. § 18-3316.

Zak filed a motion to suppress. Zak contended that Deputy Earl unlawfully abandoned the trespassing investigation when he contacted Zak's probation officer. The district court granted the motion to suppress, finding that Deputy Earl unlawfully extended the trespassing stop by contacting Zak's probation officer. The district court concluded that "By choosing to finish an unrelated phone call before continuing his investigation, i.e. reviewing Zak's records, Deputy Earl prolonged or added time to the seizure." The State filed a motion for reconsideration raising the inevitable discovery doctrine, which the district court denied. The State appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The State claims the district court erred in granting Zak's motion to suppress. Specifically, the State contends the district court erred by concluding that contacting a detainee's probation officer during an investigative detention unlawfully extends the detention. The State argues that Detective Earl had reasonable suspicion that Zak violated his probation, which justified the call with Zak's probation officer. Zak contends the State failed to preserve the issue raised on appeal

2

and, alternatively, that the district court correctly found that Deputy Earl unlawfully extended the detention by calling Zak's probation officer. We hold that the issue raised by the State on appeal is not preserved.

On appeal, the State argues that upon learning that Zak was on probation, Deputy Earl was justified in expanding the trespassing stop to investigate a possible probation violation due to the trespass, which justified contacting Zak's probation officer. The State asserts that the claim raised on appeal is not a new legal issue but is instead a refined legal argument. The State points out that Zak moved to suppress on the theory that law enforcement extended the primary purpose of the stop by abandoning the trespass investigation to contact the defendant's probation officer and that the State countered by arguing that "at the point [the officer] realized Zak was on probation he was justified in seizing him further to investigate both the crime *and to contact his probation officer*" about a potential search because of the waivers generally present in probation agreements. (Emphasis added.) The State characterizes the district court's decision as rejecting the proposition that Deputy Earl learning of Zak's probation status and Deputy Earl's knowledge of the conditions generally attendant to probation as a legal ground to justify contacting the probation officer. The State concludes the record supports that the State argued below that it was reasonable to contact the probation officer about whether to conduct a probation search and the district court ruled on that issue.

Zak responds that the issue raised by the State on appeal is unpreserved because the State only argued in the district court that suppression was unwarranted because: (1) contacting the probation officer was part of the ordinary inquiries permitted in a traffic stop; (2) Deputy Earl had reason to believe that Zak was a possible felon and prohibited from possessing firearms; (3) Zak was on felony probation and had waived his Fourth Amendment rights; and (4) the inevitable discovery doctrine applied. Zak asserts the State did not argue that Deputy Earl had reasonable suspicion of a probation violation.

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Arguments may evolve from those asserted before a trial court provided the issue and the party's position remain consistent. An appellate court can decide refined legal arguments regarding an issue heard and decided by the trial court but may not usurp the trial court's role by deciding new legal issues in the first instance. *State v. Anderson*, 172 Idaho 133, 140, 530 P.3d 680, 687 (2023).

3

When raising an issue, either the specific ground for the position must be clearly stated, or the basis of the position must be apparent from the context. *State v. Cuenca*, 171 Idaho 603, 606, 524 P.3d 882, 885 (2023).

On appeal, the State does not argue that the telephone call between Deputy Earl and the probation officer did not deviate from the original basis for Zak's detention or consume time not otherwise necessary for the trespass detention. In the district court, the State did not specifically claim that Deputy Earl's telephone call to the probation officer was justified by reasonable suspicion of a probation violation. On a motion to suppress, the State bears the burden of demonstrating that the search either fell within a well-recognized Fourth Amendment exception or was otherwise reasonable under the circumstances. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). While the State generally argued that Deputy Earl's call to the probation officer was not unlawful, the State did not argue an investigation into a potential probation violation was an independent argument to support the officer's reasonable suspicion. Moreover, as Zak argues, the State's claim regarding Zak's probation status was framed and understood by the district court as a consent claim based upon an asserted Fourth Amendment probation waiver. We agree with Zak. In its opposition to Zak's motion to suppress, the State argued that once the officer learned the defendant was on probation, the officer "was justified in seizing [Zak] further to investigate both the crime and to contact his probation officer." The context for contacting the probation officer was to gather more information about the probation agreement and waiver, not to investigate a potential probation violation. This basis for the seizure was reiterated at the hearing on the motion to suppress, where the district court characterized the State's arguments as: (1) the call to the probation officer was part of the trespass investigation; (2) there was independent reasonable suspicion of a different crime (possession of firearms); or (3) the ability to search based on Zak's probation waiver. The State agreed that the district court's summary was a correct summary of its arguments.

At the conclusion of the hearing, the State argued: (1) the officer was justified in making the phone call to the probation officer for safety purposes and to verify identity; (2) the officer did not abandon the initial purpose of the stop; and (3) Zak's probation waiver justified the officer's search and seizure of Zak. Thus, nothing in the record supports the State's position that the phrase "to contact his probation officer" was an independent argument that the State called the probation officer because it reasonably suspected Zak was in violation of the terms and conditions of his

4

probation agreement. As a result, the State failed to preserve the issue raised on appeal. Therefore, the district court's decision on the motion to suppress will not be disturbed on appeal.

## IV.

## CONCLUSION

The State failed to preserve the argument raised on appeal. Therefore, the order of the district court granting Zak's motion to suppress is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.