**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 53281**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | |
| | ) | |
| v. | ) | **Boise, November 2025 Term** |
| | ) | |
| **JOEL CRAIG LORANGER,** | ) | **Opinion Filed: November 19, 2025** |
| | ) | |
| **Defendant-Appellant.** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Cynthia Yee-Wallace, District Judge.

The decision of the district court is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for Appellant.

Raúl R. Labrador, Idaho Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for Respondent.

_____

**PER CURIAM**

This case concerns both whether a district court abused its discretion by imposing an excessive sentence and the scope of the invited error doctrine. Joel Craig Loranger was convicted of felony driving under the influence of alcohol and contends that the district court abused its discretion by imposing an excessive sentence. The Court of Appeals declined to consider the merits of that argument, concluding that Loranger invited the alleged error. We granted Loranger's petition for review. We conclude that although Loranger did not invite error, he failed to show that the district court abused its sentencing discretion. Therefore, we affirm Loranger's judgment of conviction and sentence.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Loranger was convicted of operating a motor vehicle while under the influence of alcohol. He then admitted that he was previously convicted of the same crime twice within the prior ten years. As a result, this offense was a felony under Idaho Code section 18-8005(6). The State asked

1

the district court to impose a sentence of ten years with three years fixed, while retaining jurisdiction. Loranger asked the district court to place him on probation but left "the underlying sentence in the discretion of the [c]ourt." The district court imposed a sentence of ten years with five years fixed, suspended the sentence, and placed Loranger on probation for eight years.

On appeal, Loranger argues that the district court abused its discretion by imposing an excessive sentence. He contends that the district court failed to exercise reason because it did not appropriately consider allegedly mitigating factors. In response, the State argues, first, that Loranger's argument is barred because the district court granted his request that he be placed on probation. Second, the State argues in the alternative that Loranger failed to show that the district court abused its sentencing discretion.

Relying on the invited error doctrine, the Court of Appeals refused to consider the merits of Loranger's argument. It concluded that "because Loranger received the sentence he requested, he may not complain that the district court abused its discretion." *State v. Loranger*, No. 51282, 2025 WL 899754, at \*1 (Idaho Ct. App. Mar. 24, 2025). Accordingly, it affirmed Loranger's judgment of conviction and sentence. *Id.* Loranger filed a petition for review, which we granted.

## II.    STANDARDS OF REVIEW

When this Court grants a petition for review from the Court of Appeals, the Court "directly reviews the decision of the trial court" while giving "due consideration" to the decision reached by the Court of Appeals. *State v. Lute*, 150 Idaho 837, 839, 252 P.3d 1255, 1257 (2011). "The length of a sentence is reviewed under an abuse of discretion standard considering the defendant's entire sentence." *State v. Al Muthafar*, 174 Idaho 882, 893, 560 P.3d 1029, 1040 (2024). When applying the abuse of discretion standard, we ask "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.    ANALYSIS

### A.  Loranger did not request the underlying sentence that he challenges on appeal.

The invited error doctrine does not preclude Loranger from arguing that the district court erred by imposing an excessive sentence because Loranger did not invite the district court to impose the sentence it did.

2

"The purpose of the invited error doctrine is to prevent a party who caused or played an important role in prompting a trial court to take action, from later challenging that decision on appeal." *State v. Barr*, 166 Idaho 783, 786, 463 P.3d 1286, 1289 (2020). It "precludes a criminal defendant from consciously inviting district court action and then successfully claiming those actions are erroneous on appeal." *Id.* (citation modified) (quoting *State v. Hall*, 163 Idaho 744, 771, 419 P.3d 1042, 1069 (2018)).

The State's contention that the invited error doctrine precludes Loranger's argument on appeal conflates two decisions made by the district court: one that Loranger invited but does not challenge, and one that he challenges but did not invite. According to the State, the invited error doctrine precludes Loranger from arguing that his sentence is excessive because he "requested the district court place him on probation" and "[t]he district court did just that." But the decision to place Loranger on probation is distinct from the decision regarding which underlying sentence to impose. Though Loranger's request that the district court place him on probation would preclude him from arguing that the district court erred by doing so, he does not argue as much. Instead, he argues that the district court erred by imposing an excessive underlying sentence. His request that he be placed on probation did not invite any decision regarding the length of his underlying sentence. In fact, he left that determination "to the court's discretion." That is neither an invitation to the court to abuse its discretion, nor a waiver of the right to appeal on that basis.

While Loranger did not request that the district court impose any particular underlying sentence, his failure to do so did not invite the district court to impose the sentence it did. "A failure to object is not enough to invoke the invited error doctrine." *State v. Goullette*, 173 Idaho 869, 875, 550 P.3d 277, 283 (2024) (citation modified) (first quoting *State v. Lankford*, 162 Idaho 477, 485, 399 P.3d 804, 812 (2017); and then citing *State v. Adamcik*, 152 Idaho 445, 477, 272 P.3d 417, 449 (2012)). At most, Loranger failed to take a position regarding the appropriate length of his underlying sentence, which is not sufficient to invoke the invited error doctrine.

**B. The district court did not abuse its sentencing discretion.**

Though Loranger is not precluded from arguing that the district court abused its sentencing discretion by imposing a suspended underlying sentence of ten years, with the first five years fixed, he has not shown that the district court actually abused its discretion.

"As this Court has explained, a sentence fixed within the limits prescribed by the statute will ordinarily not be considered an abuse of discretion by the trial court." *State v. Chavez*, 174

Idaho 745, 759, 560 P.3d 488, 502 (2024) (citation modified) (quoting *State v. Anderson*, 172 Idaho 133, 143, 530 P.3d 680, 690 (2023)). "To show an abuse of discretion, the defendant must show that in light of the governing criteria, the sentence was excessive, considering any view of the facts." *Id.* (quoting *State v. McIntosh*, 160 Idaho 1, 8, 368 P.3d 621, 628 (2016)). "The governing criteria are: (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing." *Id.* (citation modified) (quoting *Anderson*, 172 Idaho at 143, 530 P.3d at 690). "This Court will set aside the sentence only where reasonable minds could not differ as to the excessiveness of the sentence." *Anderson*, 172 Idaho at 143, 530 P.3d at 690 (quoting *State v. Farwell*, 144 Idaho 732, 736, 170 P.3d 397, 401 (2007)).

Idaho Code section 18-8005 provides that the maximum sentence for Loranger's crime is ten years imprisonment. I.C. § 18-8005(6)(a). Loranger concedes that his sentence does not exceed that limit but argues that certain mitigating factors show that it is excessive under any reasonable view of the facts. Those factors include his substance abuse problem and intent to remain sober; the fact that this was his first felony conviction; and his support from his family, girlfriend, and employer. The district court considered the factors cited by Loranger as mitigating. It then applied the legal criteria governing its sentencing discretion. It determined that Loranger should be given another opportunity to manage his substance abuse while supervised on probation, but that his failure to do so would indicate the need for Loranger to maintain his sobriety over an extended period and in a more structured environment in which he did not pose a risk to the community. Loranger had three convictions for driving under the influence of alcohol within five years, and previous attempts to manage his addiction in the community failed. Based on these undisputed findings, we cannot find that the district court abused its discretion.

## IV.    CONCLUSION

For the foregoing reasons, Loranger's judgment of conviction and sentence are affirmed.

4